SECOND AVE. R. Co. *v.* METROPOLITAN EL. R. Co. *et al.*

*(Superior Court of New York City, General Term.* May 5, 1890.)

1. PLEADING—AMENDMENT OF COMPLAINT—ANSWER.
     The court at special term can insert in an order permitting an amendment of the complaint a requirement that defendant answer within 20 days, which is the statutory time within which, under Code Civil Proc. N. Y. §§ 418, 422, an answer must be served after service of summons.

2. SAME—RESETTLEMENT OF ORDER.
     Under Code Civil Proc. N. Y. § 724, providing that the court may, at any time within one year after notice thereof, relieve a party from an order taken against him through his mistake, inadvertence, etc., and may supply an omission in any proceeding, a party injured by an order allowing an amendment should move for a resettlement, instead of appealing.

Appeal from special term.

Action by the Second Avenue Railroad Company against the Metropolitan Elevated Railroad Company and the Manhattan Railway Company. An amendment of the complaint was allowed, and defendants appeal. The provisions of the Code of Civil Procedure referred to in the opinion are as follows: "Sec. 723. *Amendments by the Court; Disregarding Immaterial Errors, etc.* [Amended by chapter 416, Acts 1877.] The court may, upon the trial, or at any other stage of the action, before or after the judgment, in furtherance of justice, and on such terms as it .deems just, amend any process, pleading, or other proceeding by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting an allegation material to the case, or, where the amendment does not change substantially the claim or defense, by conforming the pleading or other proceeding to the facts proved; and in every stage of the action the court must disregard an error or defect in the pleadings or other proceedings which does not affect the substantial rights of the adverse party. Sec. 724. *Relief against Omissions, etc.; Amendments to Conform Proceedings.* The court may likewise, in its discretion, and upon such terms as justice requires, at any time within one year after notice thereof, relieve a party from a judgment, or order, or other proceeding, taken against him through his mistake, inadvertence, surprise, or excusable neglect, and may supply an omis-

sion in any proceeding. Where a proceeding taken by a party fails to conform to a provision of this act, the court may in like manner, and upon like terms, permit an amendment thereof to conform it to the provision."

Argued before SEDGWICK, C. J., and FREEDMAN and O'GORMAN, JJ.

*Davies & Rapallo,* for appellants.  *Augustus S. Hutchins,* for respondent.

O'GORMAN, J.  The defendants appeal from an order of the special term of this court, of which the following is a copy: "Upon reading and filing the affidavit of Augustus S. Hutchins, plaintiff's attorney herein, verified January 29, 1890, and a proposed form of an amended complaint thereto annexed, and the order to show cause granted on said affidavit, returnable February 1, 1890, with proof of due service thereof, and the affidavit of Theodore F. C. Demarest, of counsel for defendants, in opposition to the motion made by said order to show cause, and the transcript of the minutes of the official stenographer of this court of the proceedings had herein at the equity term of this court on January 21 and 22, 1890, submitted on the hearing of the motion, and upon all the pleadings and other proceedings herein, and after hearing Augustus S. Hutchins for the motion made by said order to show cause, and Theodore F. C. Demarest in opposition thereto, it is ordered that the complaint herein may be amended by inserting therein, after the words ' greatly reduced their value,' in the eighteenth folio, the following allegation: ' That the said structure, and the running of trains thereon, and the other acts of defendants hereinbefore alleged, are of a permanent, lasting, and continuous nature, and will be permanent, lasting, and continuous;' and also by inserting in the said complaint after the words ' greatly diminished,' in the twentieth folio, the following allegation: ' That the plaintiff is obliged to seek the equitable assistance and interference of this court in order to prevent a multiplicity of actions.' And it is further ordered that, within twenty days after the service of a copy of the complaint, amended as aforesaid, upon the attorney for the defendants, the defendants shall serve their amended answer upon the attorney for the plaintiff, and that the issue herein shall remain as of the 15th day of November, 1888.  This order is made conditional upon the payment of twenty dollars by the plaintiff to the defendants.  And it is further ordered that the order permitting an amendment of the complaint heretofore entered in this cause on the 1st day of February, 1890, be revoked; the foregoing provisions of this order being in lieu and stead of the last-mentioned order."

The chief grounds of the defendants' appeal are that the order imposes the terms on the defendants that they shall serve their amended answer on the attorney for the plaintiff within 20 days after service on them of a copy of the plaintiff's amended complaint.  Defendants did in fact serve such amended answer, but under protest.  They do not claim that this order prevented them from demurring to the amended complaint, or that, but for the order, they would have demurred.  The defendants also claim that they were prejudiced by the requirement in the order that they should answer within 20 days. That is the statutory time within which an answer must be served after service of summons.  Code Civil Proc. §§ 418, 422.  The court at special term had power to make the order appealed from and it was matter of discretion. Id. § 723.  The defendants, if aggrieved by the order, could have moved for resettlement, and called the attention of the court to such substantial detriment, if any, which they sustained by reason of the order.  That would have been the proper and sufficient remedy.  Id. §§ 723, 724.

The other alleged grounds of appeal are without merit.  The defendants' constitutional right to trial by jury, if such right appears on the pleadings to exist, cannot be denied; and defendant is not deprived of the exercise of that right by the order appealed from.  It is a right that can be asserted at any time, and before any tribunal, unless waived.  Id. §§ 968, 1009.  The order appealed from is affirmed, with costs.  All concur.